**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Ryan Reid Blankinship, | No. CV-24-00559-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendant. | |

Pending before the Court is Defendant City of Tucson's Motion to Stay. (Doc. 9.) Plaintiff Charles Ryan Reid Blankinship did not file a response to the motion. Instead, proceeding pro se, Plaintiff filed a Change of Address and Motion for Status or Hearing on August 1, 2025. (Doc. 12.) For the following reasons, the Court will grant the Motion to Stay, grant in part and deny as moot in part Plaintiff's Motion for Status Hearing, and administratively close this matter.

**I.    Background**

On October 17, 2024, Plaintiff filed a Complaint for damages in Pima County Superior Court alleging that Defendant violated the Fourth, Fifth, Eighth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983. (Doc. 1-3 at 2, 4, 10.) He also alleged violations of several state statutes. (*Id.* at 7–9.) On November 18, 2024, Defendant removed this case to the District of Arizona. (Doc. 1.)

Plaintiff's Complaint alleges that "[o]n November 15, 2023 . . . [he] was driving [his] vehicle on Grant Rd. and Stone Ave. when [he] was pulled over by officer Matthew

Clark (102556) of [the] Tucson Police Department . . . . [Officers] proceeded to remove [him] from [his] vehicle . . . [and] four officers forced [him] to the ground . . . ." (Doc. 1-3 at 4–5.) Plaintiff further alleges that officers arrested and searched him, "result[ing] in charges for other crimes, for which [he is] now facing the possibility of life in prison." (*Id.*)

After answering the Complaint, Defendant filed a Motion to Stay. (Docs. 6, 9.) Defendant seeks to stay this case pending resolution of Plaintiff's related criminal case in Pima County Superior Court, No. CR20234864, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 9 at 1.) Defendant asserts that Plaintiff's civil case is inextricably related to the pending criminal matter because his allegations stem from the same events as his criminal charges. (*Id.* at 2–3.)

## II.     Discussion

*Younger* abstention "is designed to 'permit state courts to try state cases free from interference by federal courts.'" *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The doctrine applies in a § 1983 action for damages "in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). Under these circumstances, the court may stay the action "until the state proceeding has been completed" rather than dismiss the case. *Id.* at 980. A stay "preserves the state's interests in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum of his choice, and an appropriate balance of federal-state jurisdiction." *Id.* at 984.

The Court finds that a stay pursuant to *Younger* is appropriate here. Plaintiff's § 1983 claims are based on the same November 15, 2023 arrest and search that underly the ongoing criminal proceedings in Pima County Superior Court. (Doc. 1-3 at 4–5; Doc. 9 at 3.) The state undoubtedly has an important interest in prosecuting crimes, and Plaintiff may argue that officers violated his constitutional rights during his arrest and search in

defense of his ongoing criminal case. Furthermore, to the extent Plaintiff's constitutional claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) at the conclusion of his criminal matter, Plaintiff may continue to assert those arguments once the stay is lifted. However, without a stay, the Court "would necessarily have to determine whether [Plaintiff's] constitutional rights were violated, and any such determination would have the same practical effect on the state proceedings as the injunctive relief condemned in *Younger* . . . ." *Gilbertson*, 381 F.3d at 984.

### III. Conclusion

For the foregoing reasons, the Court will grant the Motion to Stay.

Accordingly,

**IT IS ORDERED:**

(1) Defendant's Motion to Stay is **GRANTED**. (Doc. 9.) This matter is **STAYED** pending the resolution of Plaintiff's related criminal matter in Pima County Superior Court, No. CR20234864.

(2) Plaintiff's Motion for Status Hearing is **GRANTED IN PART** to the extent this Order informs Plaintiff of the status of his case and **DENIED AS MOOT IN PART** to the extent Plaintiff seeks a hearing. (Doc. 12.)

(3) This matter is **ADMINISTRATIVELY CLOSED** insofar as this case shall not be considered pending at this time for administrative purposes only. The Clerk of Court shall docket accordingly. This matter shall remain closed until further order from the Court.

(4) Within **thirty (30) days** of the conclusion of Plaintiff's criminal case in Pima County Superior Court, No. CR20234864, Defendant shall file a motion with this Court seeking to lift the stay.

Dated this 7th day of August, 2025.

Honorable Angela M. Martinez
United States District Judge